UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

ALCATEL-LUCENT, S.A.,

      Defendant.

**CONSENT OF DEFENDANT ALCATEL-LUCENT, S.A.**

1.    Defendant Alcatel-Lucent, S.A. ("Alcatel") waives service of a summons and the complaint in this action and, solely for purposes of this action, enters a general appearance and admits the Court's jurisdiction over it and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Alcatel admits for purposes of this action only), Alcatel consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Alcatel from violations of Sections 30A, 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act");

(b) orders Alcatel to pay disgorgement in the amount of $28,990,937 and pre-judgment interest in the amount of $16,381,063, for a total of $45,372,000; and

(c) orders Alcatel, through its Managing Board, within sixty (60) calendar days of the entry of the Final Judgment, to retain an independent compliance monitor to perform the services described in paragraphs 3 through 10 of this Consent.

3. Alcatel agrees to engage an independent compliance monitor that is a French national or French lawyer or accounting firm (the "Monitor") with demonstrated expertise in helping companies comply with the Foreign Corrupt Practices Act, 15 U.S.C. §§78dd-1, *et seq.* (the "FCPA") and not unacceptable to the staff of the Securities and Exchange Commission (the "Commission") within sixty (60) calendar days of the entry of the Final Judgment. The Monitor will, for a period of three (3) years from the date of its engagement (the "Term of the Monitorship"), evaluate, in the manner set forth in paragraphs 4 through 13 below (unless any specific provision therein is expressly determined by the French Ministry of Justice to violate French law), the effectiveness of Alcatel's internal controls, record-keeping, and financial reporting policies and procedures as they relate to Alcatel's current and ongoing compliance with the books and records, internal accounting controls and anti-bribery provisions of the FCPA, codified at Sections 30A, 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78dd-1, 78m(b)(2)(A), and 78m(b)(2)(B)] and other applicable counterparts (collectively, the "anti-corruption laws") and take such reasonable steps as, in its view, may be necessary to fulfill the foregoing mandate (the "Mandate").

4.      Alcatel shall cooperate fully with the Monitor and the Monitor shall have the authority to take such reasonable steps as, in its view, may be necessary to be fully informed about Alcatel's compliance program within the scope of the Mandate in accordance with the principles set forth herein and applicable law, including applicable data protection and labor laws and regulations, such as, among others, Article 1 of French Law No. 68-678 of July 26, 1968, as amended by Law No. 80-538 of July 16, 1980 (the "Blocking Statute"). To that end, Alcatel shall: (1) facilitate the Monitor's access to Alcatel's documents and other information and resources, (2) not limit such access, except as provided in this paragraph, and (3) provide guidance on applicable local law (such as relevant data protection and labor laws) to allow the Monitor to fulfill its Mandate. Alcatel shall provide the Monitor with access to all information, documents, records, facilities, and/or employees, as reasonably requested by the Monitor, that fall within the scope of the Mandate of the Monitor under the Final Judgment.

   a.    The parties agree that the retention of the Monitor does not establish an attorney-client, auditor-client, or similar relationship between Alcatel and the Monitor which would otherwise prevent the Monitor from fulfilling its Mandate in accordance with this Consent.

   b.    In the event that Alcatel seeks to withhold from the Monitor access to information, documents, records, facilities, and/or employees of Alcatel that may be subject to a claim of attorney-client privilege, the attorney work-product doctrine, or similar legal relationships, or where Alcatel reasonably believes production would otherwise be inconsistent with applicable law, Alcatel shall work cooperatively with the Monitor to resolve the matter to the satisfaction of the Monitor. If the matter cannot be

resolved, at the request of the Monitor Alcatel shall promptly provide written notice to the Monitor and to any French Authority identified by the Commission ("the French Authority"). Such notice shall include a general description of the nature of the information, documents, records, facilities, and/or employees that are being withheld, as well as the basis for the claim. The French Authority may then transmit this written notice in accordance with French law to the Commission. The Commission staff may then consider whether to make a further request for access to such information, documents, records, facilities and/or employees, to be provided by Alcatel to the French Authority. To the extent Alcatel has provided information to the Commission staff in the course of the investigation leading to this action pursuant to a non-waiver of privilege agreement, Alcatel and the Monitor may agree to production of such information to the Monitor pursuant to a similar non-waiver agreement.

    c.    Except as provided in this paragraph, Alcatel shall not withhold from the Monitor any information, documents, records, facilities, and/or employees on the basis of an attorney-client privilege, work-product claim, or other similar legal relationship.

    5.    To carry out the Mandate, during the Term of the Monitorship, the Monitor shall conduct a yearly review and prepare a yearly report for three (3) years, for a total of three reviews and three reports. With respect to each review, after consultation with Alcatel, the Monitor shall prepare a written work plan that shall be submitted no fewer than sixty (60) calendar days prior to commencing each review to Alcatel and to the Commission unless, in the Monitor's view, transmittal of such work plan would violate applicable laws, in which case it shall be transmitted to Alcatel and the French

Authority. In such case, the French Authority may then transmit such information in accordance with French law to the Commission. Alcatel and the Commission shall have no more than thirty (30) calendar days after receipt of the written work plan to provide comment to the Monitor about the work plan. The Monitor's work plan for the initial review shall include such steps as are reasonably necessary to conduct an effective initial review in accordance with the Mandate, including developing an understanding, to the extent the Monitor deems appropriate, of the facts and circumstances surrounding any violations that may have occurred before the entry of the Final Judgment, but in developing such understanding the Monitor is to rely to the extent possible on available information and documents provided by Alcatel. It is not intended that the Monitor will conduct its own inquiry into those historical events. In developing each work plan and in carrying out the reviews pursuant to such plans, the Monitor is encouraged to coordinate with Alcatel personnel, including auditors and compliance personnel. To the extent the Monitor deems appropriate, it may rely on Alcatel processes, on the results of studies, reviews, audits, and analyses conducted by or on behalf of Alcatel, and on sampling and testing methodologies. The Monitor is not expected to conduct a comprehensive review of all business lines, all business activities, or all markets. Any disputes between Alcatel and the Monitor with respect to the work plan shall be decided by the Commission staff in its sole discretion. The Monitor will send each report to the French Authority, which may forward such information in accordance with French law to the Commission.

6. The initial review shall commence no later than one hundred twenty (120) calendar days from the date of the engagement of the Monitor (unless otherwise agreed by Alcatel, the Monitor, and the Commission staff), and the Monitor shall issue a written

report within one hundred twenty (120) calendar days of initiating the initial review, setting forth the Monitor's assessment and making recommendations reasonably designed to improve the effectiveness of Alcatel's program for ensuring compliance with the anti-corruption laws. The Monitor is encouraged to consult with Alcatel concerning its findings and recommendations on an ongoing basis, and to consider and reflect Alcatel's comments and input to the extent the Monitor deems appropriate. The Monitor need not in its initial or subsequent reports recite or describe comprehensively Alcatel's history or compliance policies, procedures, and practices, but rather may focus on those areas with respect to which the Monitor wishes to make recommendations for improvement or which the Monitor otherwise concludes merit particular attention, if any. The Monitor shall provide the report to the Managing Board of Alcatel and contemporaneously transmit copies to the French Authority. The French Authority may then transmit such information in accordance with French law to the Commission. After consultation with Alcatel, the Monitor may extend the time period for issuance of the report for up to sixty (60) calendar days with prior written approval of the Commission staff.

7.   Within one hundred and twenty (120) calendar days after receiving the Monitor's report, Alcatel shall adopt all recommendations in the report unless within sixty (60) calendar days after receiving the report, Alcatel notifies the Monitor and the Commission staff in writing of any recommendations Alcatel considers unduly burdensome, inconsistent with local or other applicable law or regulation, impractical, unduly expensive, or otherwise inadvisable. It shall not be deemed unduly burdensome if information otherwise protected by Article 1 of French Law No. 68-678 of July 26, 1968, modified by Law no. 80-538 of July 16, 1980, may be provided to the Commission in

accordance with French law via the French Authority or in some other manner. With respect to any recommendation Alcatel considers unduly burdensome, inconsistent with local or other applicable law or regulation, impractical, unduly expensive, or otherwise inadvisable, Alcatel need not adopt that recommendation within one hundred and twenty (120) calendar days after receiving the Monitor's report, but shall propose in writing to the Monitor an alternative policy, procedure, or system designed to achieve the same objective or purpose. As to any recommendation on which Alcatel and the Monitor do not agree, the parties shall attempt in good faith to reach an agreement within forty-five (45) calendar days after Alcatel serves the written notice. In the event Alcatel and the Monitor are unable to agree on an acceptable alternative proposal, Alcatel shall promptly consult with the Commission staff, which will make a determination as to whether Alcatel should adopt the Monitor's recommendation or an alternative proposal, and Alcatel shall abide by that determination. During the time period in which a Commission determination is pending, Alcatel shall not be required to implement any contested recommendation. With respect to any recommendation the Monitor determines cannot reasonably be implemented within one hundred and twenty (120) calendar days after receiving the report, the Monitor may extend the time period for implementation with prior written approval of the Commission staff.

8.   The Monitor shall undertake two (2) follow-up reviews to carry out the Mandate. Within one hundred and twenty (120) calendar days of initiating each follow-up review, the Monitor shall: (a) complete the review; (b) certify whether the compliance program of Alcatel, including its policies and procedures, is reasonably designed and implemented to detect and prevent violations within Alcatel of the anti-corruption laws;

and (c) report on the Monitor's findings in the same fashion as set forth in Paragraph 6 with respect to the initial review. The second review shall commence one year after the initial review commenced. The third review shall commence two years after the first review commenced. After consultation with Alcatel, the Monitor may extend the time period for these follow-up reviews for up to sixty (60) calendar days with prior written approval of the Commission staff.

9. In undertaking the assessments and reviews described in Paragraphs 5 through 8, the Monitor shall formulate conclusions based on, among other things: (a) inspection of relevant documents, including Alcatel's current anti-corruption policies and procedures; (b) on-site observation of selected systems and procedures of Alcatel at sample sites, including internal controls and record-keeping and internal audit procedures; (c) meetings with and interviews of relevant employees, officers, directors, and other persons at mutually convenient times and places; and (d) analyses, studies, and testing of Alcatel's compliance program with respect to anti-corruption laws.

10. Should the Monitor, during the course of its engagement, discover that questionable or corrupt payments or questionable or corrupt transfers of property or interests may have been offered, promised, paid, or authorized by any entity or person within Alcatel, or any entity or person working directly or indirectly for Alcatel, or that related false books and records may have been maintained relating to Alcatel either (i) after the date of the Final Judgment or (ii) that have not been adequately dealt with by Alcatel (collectively "improper activities"), the Monitor shall promptly report such improper activities to Alcatel's General Counsel or Audit Committee for further action. If the Monitor believes that any improper activity or activities may constitute a

significant violation of law, the Monitor shall also report such improper activity in writing to the French Authority. The French Authority may then transmit such information in accordance with French law to the Commission. The Monitor shall disclose improper activities in its discretion directly to the French Authority, and not to the General Counsel or Audit Committee, if the Monitor believes that disclosure to the General Counsel or the Audit Committee would be inappropriate under the circumstances. The Monitor shall address in its reports the appropriateness of Alcatel's response to all improper activities. Further, in the event that Alcatel or any entity or person working directly or indirectly within Alcatel refuses to provide information necessary for the Monitor to perform its duties, if the Monitor believes that such refusal is without just cause the Monitor shall disclose that fact in writing to the French Authority, with appropriate notice to the Commission. Alcatel shall not take any action to retaliate against the Monitor for any such disclosures. The Monitor may report to the French Authority any criminal or regulatory violations by Alcatel or any other entity or person discovered in the course of performing its duties. The French Authority may then transmit such information in accordance with French law to the Commission.

11. Alcatel shall require the Monitor to enter into an agreement with Alcatel that provides that for the Term of the Monitorship and for a period of two (2) years thereafter, the Monitor shall not enter into any additional employment, consultant, attorney-client, auditing or other professional relationship with Alcatel, or any subsidiaries, affiliates, successors, directors, officers, employees, or agents. The agreement also shall provide that the Monitor will require that any firm with which it is affiliated or of which it is a member shall not, without prior written consent of the

Commission staff, enter into any employment, consultant, agency, attorney-client, auditing, or other professional relationship with Alcatel or any affiliates, directors, officers, employees, or agents acting in their capacity as such for the Term of the Monitorship and for a period of two (2) years thereafter. To ensure the independence of the Monitor, Alcatel shall not have the authority to terminate the Term of the Monitorship without the prior written approval of the Commission staff.

12. At least annually, and more frequently if appropriate, representatives from Alcatel and the Commission staff will meet to discuss the Monitorship and any suggestions, comments, or improvements Alcatel may wish to discuss with or propose to the Commission staff.

13. Alcatel undertakes to use its best efforts to ensure that any information that might be protected by Article 1 of French Law No. 68-678 of July 26, 1968, modified by Law no. 80-538 of July 16, 1980, or by other laws, that becomes the subject of the Monitor's reviews or reports is provided to the Commission in accordance with French law via the French Authority or in some other appropriate manner. Alcatel agrees that if the Commission staff believes that Alcatel has not satisfied these undertakings in good faith, it may petition the Court to reopen this matter to determine whether additional sanctions are appropriate.

14. Alcatel waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

15. Alcatel waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

16. Alcatel enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Alcatel or to anyone working on its behalf to induce Alcatel to enter into this Consent.

17. Alcatel agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

18. Alcatel will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

19. Alcatel waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Alcatel of its terms and conditions. Alcatel further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Alcatel has received and read a copy of the Final Judgment.

20. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Alcatel in this civil proceeding and related claims considered by the Commission staff relating to or arising out of the facts alleged in the Complaint, including without limitation disclosure-related claims. Alcatel acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Alcatel waives any claim that settlement of

11

this proceeding, (including the imposition of any remedy or civil penalty herein) is in any way barred by Double Jeopardy or similar concepts prohibiting double payment or penalty for the same act or transactions. Alcatel further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Alcatel understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

21. Alcatel understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy and except as may be permitted under the last sentence of this paragraph, Alcatel agrees: (i) not to take any action or to make or permit to be made any public statement, denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Alcatel hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Alcatel breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Alcatel's: (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation, or other proceedings of any kind in which the Commission is not a party.

22. Alcatel hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in its official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Alcatel to defend against this action. For these purposes, Alcatel agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

23. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party and subject to compliance with applicable law, including local labor and data protection law, Alcatel (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) solely for purposes of this action, will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Alcatel's undersigned attorney as agent, solely to receive service of such notices and subpoenas; (iv) solely with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Alcatel's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) solely for purposes of enforcement of such

subpoenas, consents to personal jurisdiction over Alcatel in any United States District Court. Alcatel shall use its best efforts to secure the voluntary cooperation of its current and former employees in complying with such requests to appear and testify. However, nothing herein shall require Alcatel to seek to compel any employee to waive any legal or other right to refuse to appear.

24. Subject to compliance with applicable law, including local labor and data protection laws, Alcatel agrees to cooperate fully with investigations and related judicial or administrative proceedings commenced by the Commission and to use its best efforts, if necessary, to provide documents and information to the Commission, either directly or via the French Authority.

25. Alcatel agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

26. Alcatel agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _February 11, 2010_    Alcatel-Lucent, S.A.

By: _____
Stephen R. Reynolds
General Counsel
Alcatel-Lucent, S.A.
600 Mountain Avenue
Murray Hill, NJ 07974

Approved as to form:

_____
Martin Weinstein
Robert J. Meyer
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238

Attorneys for Defendant

15



54, rue La Boétie
75411 Paris Cedex 08
France
Tél. : + 33 (0)1 40 76 10 10
Fax : + 33 (0)1 40 76 14 00

## CERTIFICATION

I, Philippe Mc ALLISTER, the Secretary to the Board of Directors of Alcatel Lucent, S.A. ("Alcatel Lucent") a "*société anonyme*" duly incorporated and registered under the laws of France, hereby certify that the following is an accurate and complete translation of the resolution that was duly adopted, in the French language, at a meeting of the Alcatel Lucent Board of Directors held on February 9, 2010:

Resolved, that Stephen R. Reynolds, General Counsel, be and hereby is authorized to execute the attached Consent of Defendant Alcatel Lucent S.A. to the Entry of a Final Judgment.

Alcatel Lucent, S.A.

Dated: February 9, 2010                Signed: _____

**PHILIPPE McALLISTER**
Deputy General Counsel
Board Secretary

ALCATEL-LUCENT
Société Anonyme au capital de EUR 4 656 083 522 - Siège social : 54, rue La Boétie, 75008 Paris - 542 019 096 R.C.S. Paris - A.P.E. 7010Z